UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
O.M., an infant by his Mother and Natural : 
Guardian NIKIMA SMITH, et al., :
: **MEMORANDUM AND ORDER**
Plaintiffs, : **ADOPTING REPORT AND**
: **RECOMMENDATION**
:
: 14-cv-6041 (DLI)(MDG)
-against- :
:
CEC ENTERTAINMENT CONCEPTS, L.P., et :
al., :
Defendants. :
:
--------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

Invoking this Court's diversity jurisdiction, Defendants CEC Entertainment Concepts, L.P., CEC Entertainment, Inc., and Chuck E. Cheese's (collectively, "Defendants") removed this action from the New York State Supreme Court, County of Kings ("Kings County Supreme Court") to this Court by Notice of Removal dated October 15, 2014. (*See* Notice of Removal ("Notice"), Dkt. Entry No. 1.) At the time of removal, there was no dispute that complete diversity of citizenship existed among the parties and that the amount in controversy requirement was satisfied, providing a basis for federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs, who all are citizens of New York, allege state law claims arising from injuries sustained when a fight broke out at a Chuck E. Cheese's restaurant where they were dining on December 31, 2013. (*See generally* Complaint ("Compl."), attached to the Notice.) The Complaint alleges that Defendants are liable for negligence, negligent supervision, and negligent hiring. (*See Id.* ¶¶ 1-121.)

During the course of initial disclosures, Plaintiffs came to learn that Defendants maintained a contract with an outside security company, and that this company had provided

security on the night of the incident giving rise to Plaintiffs' claims. The security company, Guard Services USA, Inc. ("Guard Services"), is incorporated and does business in New York according to records obtained from the New York Department of State. By motion dated March 6, 2015, Plaintiffs sought leave to amend the Complaint to add Guard Services as a defendant, contending that Guard Services is a necessary party to this action because negligent security underlies all of their claims. (*See* Dkt. Entry No. 11.) As a consequence of the proposed amendment, Plaintiffs further sought a remand of this action to Kings County Supreme Court because the addition of Guard Services would destroy federal diversity jurisdiction. (*Id.*) Thereafter, Plaintiffs supplemented their motion with a proposed amended complaint that asserts each cause of action against Guard Services, equally and jointly with the other Defendants. (*See* Dkt. Entry No. 13.)

Defendants opposed Plaintiffs' motion to amend and remand on the grounds that: (1) Plaintiffs' attempt to add Guard Services as a defendant constitutes fraudulent joinder intended to destroy federal diversity jurisdiction; (2) Plaintiffs have no viable cause of action against Guard Services, an independent contractor that allegedly owed no duty to Plaintiffs as a matter of New York State law; and (3) Plaintiffs merely are forum shopping. (*See* Defs.' Mem. in Opp'n to Pls.' Mot. to Amend. (*See* Dkt. Entry No. 14.)

On March 2, 2016, the Hon. Marilyn D. Go, U.S.M.J., issued a Report & Recommendation ("R & R"), which recommended that this Court: (1) grant Plaintiffs' motion to amend the Complaint to add Guard Services as a defendant; and (2) as a consequence of the amendment, remand this action to the Kings County Supreme Court in accordance with 28 U.S.C. §§ 1447(c) and (e). (*See* R & R, Dkt. Entry No. 17.) Defendants subsequently objected to the R & R. (*See* Defendants' Objections ("Defs.' Obj."), Dkt. Entry No. 18.) No objections to

the R & R were made by Plaintiffs. For the reasons set forth below, the Court adopts the R & R in its entirety, and directs that this action be remanded to the Kings County Supreme Court.

## LEGAL STANDARD

Where a party objects to an R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Portions of the R & R to which the parties have not objected are reviewed for clear error. *See Orellana v. World Courier, Inc.*, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

## DISCUSSION[1]

**I.    The R & R**

In the R & R, the Magistrate Judge determined that considerations governing joinder under Rule 20 of the Federal Rules of Civil Procedure, as well as considerations of fundamental fairness, dictated that Plaintiffs should be granted leave to amend the Complaint to add Guard Services as a defendant. (R & R at 4-8.) The Magistrate Judge further determined that Defendants had not met their "heavy burden" to show that Plaintiffs' attempt to add Guard Services constituted fraudulent joinder. (*Id.* at 8-10) As the Second Circuit has instructed, a defendant seeking to establish fraudulent joinder "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against

---

[1] The Court assumes familiarity with the underlying facts of this action, which are set forth in more detail in the R & R. Accordingly, only the facts necessary for the decision on Defendants' Objections to the R & R are discussed herein.

the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). Because Defendants do not seriously allege that adding Guard Services as a defendant amounts to actual fraud in the pleadings, the relevant question before the Magistrate Judge was whether, under New York State law, there was any possibility that Plaintiffs could state a claim against Guard Services.

Longstanding New York State law holds that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party." *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d 136, 138 (2002). Accordingly, an independent contractor in New York, like Guard Services here, ordinarily does not owe a duty of care to persons who are not parties to the relevant contract for services. However, *in Espinal v. Melville Snow Contractors, Inc.*, the New York State Court of Appeals recognized three exceptions to that general rule, whereby an independent contractor may be liable in tort to a third party: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely." *Id.* at 140 (internal citations omitted).

In the R & R, the Magistrate Judge concluded that there was at least some possibility that one of these exceptions could apply and support a claim of liability against Guard Services under New York State law, despite its independent contractor status. (R & R at 8-10.) In particular, the Magistrate Judge concluded that, given Defendants' failure to produce their service contract with Guard Services, there was not enough information to determine whether or not Guard Services had taken over exclusive control of on-premises security at Chuck E. Cheese's. (*Id.*)

Similarly, the Magistrate Judge found that Plaintiffs had not yet had an opportunity to explore, through discovery, the nature of Guard Services' relationship with Defendants, or the role Guard Services' conduct may have played in the incident in which Plaintiffs were injured. (*Id.*) Therefore, the Magistrate Judge rejected Defendants' claim of fraudulent joinder, reasoning that Defendants had not shown that there was no possibility that Plaintiffs could state a claim against Guard Services. (*Id.*)

## II. Analysis

Defendants' Objections challenge the R & R on the ground that the Magistrate Judge erroneously concluded that there is a possibility Plaintiffs could state a claim against Guard Services under New York State law. Defendants substantially reassert the same arguments they presented to the Magistrate Judge, contending that none of *Espinal's* exceptions properly applies in this case. However, to support their arguments, Defendants now submit their service contract with Guard Services (the "Service Contract"). According to Defendants, this "cure[s] th[e] problem" identified by the Magistrate Judge and warrants rejection of the R & R. (Defs.' Obj. at 2.) The Court disagrees.

As an initial matter, the Court is not required to consider materials that Defendants failed to submit to the Magistrate Judge. The law underlying this conclusion is both well settled and well reasoned. A magistrate judge's preparation of a report and recommendation is not intended as a "dress rehearsal" for arguments that the parties then may ply before the district court with the benefit of additional evidence. *See Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009). While a district court, upon receipt of a report and recommendation, is permitted to "receive further evidence or recommit the matter to the magistrate judge with instructions," 28 U.S.C. § 636(b), "[c]onsiderations of efficiency and fairness militate in favor of

a full evidentiary submission for the Magistrate Judge's consideration," *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

Thus, the Second Circuit has "upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review." *Id.* (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994), and *Pan Am. World Airways, Inc. v. Int'l Brotherhood of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990)). It follows from these principles that courts generally "do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." *Azkour v. Little Rest Twelve, Inc.*, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (quoting *Tavares v. City of New York*, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (internal quotation marks omitted)); *see also Chiari v. New York Racing Ass'n Inc.*, 972 F. Supp. 2d 346, 351-52 (E.D.N.Y. 2013); *Feehan v. Feehan*, 2010 WL 3734079, at *2 (S.D.N.Y. Sept. 22, 2010).

Here, Defendants do not offer any explanation, let alone a compelling explanation, as to why they failed to submit the Service Contract to the Magistrate Judge. In any event, the Service Contract hardly represents "clear and convincing evidence" that Plaintiffs have no possible cause of action against Guard Services. *Pampillonia*, 138 F.3d at 461. That contract is relatively barebones and does not sufficiently elucidate the scope of duties Guard Services performed for Defendants, or the extent of control Guard Services exercised over security operations at Chuck E. Cheese's. Without further factual development regarding such matters, the Court cannot conclude to a legal certainty that Plaintiffs have no cause of action against Guard Services. *See Id*. Indeed, while certain provisions of the Service Contract suggest that Defendants maintained authority over security operations at Chuck E. Cheese's, other provisions conceivably could

support a contrary conclusion that Guard Services had entirely displaced Defendants in that role.[2] In other words, while the Service Contract does not definitively establish that Plaintiffs have a viable claim against Guard Services under one of the exceptions recognized by *Espinal*, it also does not foreclose that possibility.[3]

Given the existence of that possibility, Defendants have not met their burden to demonstrate fraudulent joinder. *See Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) ("Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder."); *see also Durove v. Fabian Transport, Inc.*, 2004 WL 2912891, at *5 (S.D.N.Y. Dec. 14, 2004) (where questions of fact remained as to whether non-diverse defendant owed a duty to plaintiffs, such that it could be found liable in tort under New York State law, finding of fraudulent joinder was not warranted and remand was appropriate). Moreover, in light of that possibility, fundamental fairness militates in favor of allowing Plaintiffs to amend the Complaint. Because it is undisputed that the addition of Guard Services to this action would destroy federal diversity jurisdiction, this action must be remanded to the Kings County Supreme Court. *See* 28 U.S.C. §§ 1447(c) and (e); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Accordingly, Defendants' objections to the R & R are overruled. Having reviewed those remaining portions of the R & R as to which Defendants do not object, and finding no clear error, the Court adopts the R & R in its entirety.

---

[2] *Compare* Service Contract ¶ 14 ("[Guard Services] shall perform services, as an independent contractor, under the direction of [Defendants]"), *with* ¶ 3g ("Each security officer shall, during his tour of duty, patrol the Location, to which he or she is assigned, *according to schedules and patterns established by* [Guard Services]") (emphasis added), *and* ¶ 14 ("[S]ecurity officers shall be under the exclusive control of [Guard Services]").

[3] In any event, the question of fraudulent joinder ordinarily is to be decided upon the pleadings alone. *See Shannon v. Target Stores, Inc.*, 2013 WL 3155378, at *2 n.1 (D. Conn. June 20, 2013) (citing *Pampillonia*, 138 F.3d at 461.) The allegations in the proposed amended complaint submitted by Plaintiffs do not support a finding of fraudulent joinder.

## CONCLUSION

In accordance with the foregoing, the R & R is adopted in its entirety. Accordingly, Plaintiffs' motion to amend and remand is granted. This action hereby is remanded to the Kings County Supreme Court, under Index No. 13175/2014, for lack of federal subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
        March 31, 2016

                                                 _____/s/_____
                                                        DORA L. IRIZARRY
                                                      United States District Judge